IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DANNY R. BENNETT,                              )
                                               )
                 Plaintiff,                    )
                                               )
        v.                                     )        CV 123-162
                                               )
WARDEN, Augusta State Medical Prison;          )
DEPUTY WARDEN PASCHAL; and                     )
SERGEANT JACKSON,                              )
                                               )
                 Defendants.[1]                )
                                       _____

**O R D E R**
                                       _____

Plaintiff, incarcerated at Augusta State Medical Prison in Grovetown, Georgia, has

submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983, and he

seeks to proceed *in forma pauperis*.  After reviewing Plaintiff's application, it appears that he

lacks sufficient resources to prepay the filing fee.  Accordingly, the Court **GRANTS** Plaintiff

leave to proceed *in forma pauperis*, subject to compliance with the conditions of this Order.

(Doc. no. 2.)

Plaintiff is hereby advised that under the Prison Litigation Reform Act, Pub. L. No.

104-134, 110 Stat. 1321, all prisoners, even those who are allowed to proceed *in forma*

*pauperis*, must pay the filing fee of $350.00 in full.  28 U.S.C. § 1915(b)(1).  Plaintiff must

---

[1]The Court **DIRECTS** the **CLERK** to update Plaintiff's name on the docket and to add
Deputy Warden Paschal as a Defendant, which is consistent with the complaint.  (Doc. no. 1, pp.
1, 4, 5.)

also pay the full appellate court filing fee if a Notice of Appeal is filed.  Prisoner litigants allowed to proceed *in forma pauperis* must pay an initial partial filing fee of twenty percent (20%) of the greater of the average monthly deposits to, or the average monthly balance in, the prisoner's account for the six-month period immediately preceding the filing of the complaint.  Prison officials are then required to collect the balance of the filing fee by deducting twenty percent (20%) of the preceding month's income credited to Plaintiff's account.  28 U.S.C. § 1915(b)(2).  This payment shall be forwarded to the Clerk of Court "each time the amount in the plaintiff's account exceeds $10 until the full filing fees are paid."  Id.  The entire filing fee must be paid even if this suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.

In addition to requiring payment of the full filing fee, the Act requires prisoners to exhaust all administrative remedies **prior to filing** a federal lawsuit which challenges "prison conditions."  42 U.S.C. § 1997e; see also 18 U.S.C. § 3626(g)(2).  All prisoner civil rights actions are subject to dismissal if the prisoner has not exhausted the available administrative remedies with respect to each claim asserted.  Moreover, even if the complaint is dismissed for failure to exhaust, the prisoner will still be responsible for payment of the full filing fee.

The law also provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  The only exception to this "three strikes" rule is if the prisoner is in "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Because of these requirements in the law, the Court will give Plaintiff an opportunity, at this time, to voluntarily dismiss the complaint pursuant to Fed. R. Civ. P. 41(a)(1).  Such a voluntary dismissal will not require Plaintiff to pay the filing fee or count as a dismissal which may later subject him to the three-dismissal rule under section 1915(g).  Plaintiff may dismiss his case at this time by filing a notice of dismissal.

However, should Plaintiff choose to proceed with his case, Plaintiff **MUST** comply with the following instructions:

(1)     Plaintiff must furnish the enclosed **Prisoner Trust Fund Account Statement** to the trust (financial) officer of each prison where he has been confined for the past six months.  The trust officer will complete and sign the form and return the form and supporting documents to Plaintiff for submission to the Court.  Two copies of the form are enclosed for this purpose.

(2)     Plaintiff must sign and date the enclosed **Consent to Collection of Fees from Trust Account**.  By signing this form, Plaintiff gives his consent to the collection of the entire filing fee from his prison account in installments, in accordance with the provisions of the Prison Litigation Reform Act.

(3)     Plaintiff must return both the **Prisoner Trust Fund Account Statement** and the **Consent to Collection of Fees from Trust Account** to the Clerk within thirty days of this Order.

Once Plaintiff has returned the required forms, the Court will review Plaintiff's complaint to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the complaint.

Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case, without prejudice.

**If Plaintiff fails to respond to this Order within thirty days, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will dismiss this action, without prejudice**.

SO ORDERED this 31st day of October, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA